IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT D. AINSWORTH; TAMI L. AINSWORTH; KARL G. FRINK; LUCINDA A. FRINK; GORDON D. GRISWOLD; ELAINE C. GRISWOLD; JOHN K. LINDSEY; LINDA K. LINDSEY; WILLIAM E. WHITAKER; SUZANNE R. WHITAKER, | No. 6:17-cv-01935-MC |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| MARK ALLEN OWENBY; MICHELLE ANNETTE PAGE; JENNY REBECCA SILVEIRA; HOWARD DEE BROWN III; WILLIAM WALTER TEMPLETON, JR.; ELISHA TEMPLETON; BRYAN DAVID PHILP; GUILD MORTGAGE COMPANY, | |
| Defendants. | |

**MCSHANE, Judge:**

This action comes before the Court on Defendants' motion to dismiss for failure to state a claim. The Court previously dismissed Plaintiffs' claims without prejudice, and with leave to amend, after it determined that their complaint failed to state a claim for violations of the Racketeer Influence and Corrupt Practices Act ("RICO"), 18 U.S.C. §§ 1961-1968. Plaintiffs have since filed an amended complaint in which they attempt to address the shortcomings identified in the original pleading. Defendants now contend that the new complaint suffers from the same deficiencies as the original. The Court agrees. Because Plaintiffs' amended complaint still fails to allege a compensable property injury under the civil RICO statute, and because the Court

Page 1 – OPINION AND ORDER

declines to exercise supplemental jurisdiction over the remaining state-law claims, Defendants' motion to dismiss is GRANTED and this action DISMISSED with prejudice.

## BACKGROUND

As the parties are familiar with the underlying facts, *see* Opinion and Order 2-4, ECF No. 48, the Court describes only material changes in the pleadings. There are two changes worth noting in the First Amended Complaint ("FAC"). First, only two plaintiffs, Karl G. Frink and Lucinda A. Frink ("Frink Plaintiffs"), maintain claims pursuant to the civil RICO statute. *See* FAC ¶¶ 62-68, ECF No. 53. The remaining plaintiffs abandon their civil RICO claims and assert only state-law tort claims.[1] *See* FAC ¶¶ 69-105. Second, the FAC adds new factual allegations about the harms caused by Defendants' racketeering activity.[2] *See* FAC ¶ 30. In particular, the Frink Plaintiffs allege that Defendants' neighboring grow operation depressed the value of their property and, as a direct result, prevented them from obtaining a larger home equity loan to finance the construction of a perimeter fence in July 2017. FAC ¶¶ 30, 67.

The Court dismissed Plaintiffs' original Complaint on August 17, 2018. Opinion and Order. In doing so, the Court held that Plaintiffs had failed to allege a compensable property injury within the meaning of the civil RICO statute, *id.* at 10-20, but granted them leave to file an amended complaint, *id.* at 22. On September 28, 2018, Plaintiffs filed their FAC. Defendants now move to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the Frink Plaintiffs' civil RICO claims suffer from the same deficiencies as those in the original pleading. Defs.' Mot.

---

[1] In addition to the previously-asserted nuisance claims, *see* Compl. ¶¶ 88-112, the FAC adds new state-law claims by John K. Lindsey, Linda K. Lindsey, and the Frink Plaintiffs for intentional infliction of emotion distress, *see* FAC ¶¶ 94-105. The claims are also accompanied by new factual allegations. *See* FAC ¶¶ 28-29, 31, 36-38, 40-44. Since this Opinion and Order deals exclusively with whether the Frink Plaintiffs state viable RICO claims, and the facts supporting Plaintiffs' new tort claims have no bearing on that analysis, details of those allegations are omitted.

[2] Defendants represent, and Plaintiffs do not contest, that Defendants sold their property on August 30, 2018. The damages sought by Plaintiffs are therefore based exclusively on past harms.

Page 2 – OPINION AND ORDER

to Dismiss Pls.' First Am. Compl. 2-4 ("Motion to Dismiss"), ECF No. 59. After briefing, the matter is once again before the Court.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow a court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, a court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If a complaint is dismissed, the court must grant the plaintiff leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiffs fail to state a claim under RICO. As part of any civil RICO claim, a plaintiff must plead, among other elements, an injury to her "business or property." *See* 18 U.S.C. § 1964(c). In the Ninth Circuit, whether a plaintiff has alleged an injury to her property is a two-part inquiry. *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008). First, the alleged injury must be to a recognized property interest. *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc). Whether a specific injury is proprietary, as opposed to "personal" or "emotional," is "typically determined by reference to state law." *Id.* Second, even if an injury is

proprietary, it must also result in a "concrete financial loss." *Oscar v. Univ. Students Co-Operative Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc). A plaintiff fails to state a civil RICO claim if she "mere[ly] [alleges] injury to a valuable intangible property interest." *Id.* (internal quotation marks and citations omitted). Similarly, a plaintiff who alleges a pecuniary loss, but from a personal rather than proprietary injury, likewise fails to a state a claim under RICO. *Berg v. First State Ins., Co.*, 915 F.2d 460, 464 (9th Cir. 1990).

Here, the Frink Plaintiffs contend that their diminished borrowing capacity, brought about by a reduction in the fair market value of their home, constitutes a compensable property injury. Pls.' Resp. Br. 5, ECF No. 60. In its first Opinion and Order, the Court held that, although the reduction in the fair market value of Plaintiffs' properties was an injury to a recognized property interest, that reduction alone did not give rise to a concrete financial loss. Opinion and Order 16-20. Plaintiffs, the Court explained, were instead required to allege at least a "past or present intent to rent, sell, or otherwise monetize their property interests." *Id.* at 19. Drawing on this language, Defendants argue that the Frink Plaintiffs allege no intent to rent or sell their land and that their diminished borrowing capacity is "not a financial loss of any sort." Motion to Dismiss 7-8. The issue before the Court, as such, is whether the Frink Plaintiffs' inability to obtain a larger home equity loan transforms their otherwise intangible injury—i.e., the reduced fair market value of their home—into one resulting in a concrete financial loss.

It does not. Plaintiffs cite no authority in support of their position and, although the out-of-circuit authority cited by Defendants is either inapposite to Plaintiffs' theory of injury or contrary to intervening Ninth Circuit precedent, it is inescapable that the Frink Plaintiffs' financial position is no worse than it would have been absent the racketeering activity. Specifically, in receiving a smaller loan, the Frink Plaintiffs incurred less debt and—all else being equal—paid

less interest based on the smaller principal. That is not a financial loss. Plaintiffs, for instance, do not allege that they were charged a higher interest rate or otherwise offered the same loan on less favorable terms, such that they were in a worse financial position than they would have been had the fair market value of their home not been depressed. To the contrary, throughout the loan period, the Frink Plaintiffs were in a better position than they otherwise would have been.

Although the FAC also notes that the smaller loan prevented the Frink Plaintiffs from building a "more secure and aesthetically pleasing" fence which "would have added more value" to their property, FAC ¶ 30, Plaintiffs expressly disavow that any forgone return on their investment would be relevant to whether they suffered a concrete financial loss, Pls.' Resp. Br. 3, 6. Still, any forgone increase in the fair market value of the Frink Plaintiffs' property stemming from the difference between fences would be no less abstract or speculative—but certainly more attenuated from Defendants' racketeering activity—than the underlying *drop* in fair market value already found insufficient by the Court. *See* Opinion and Order 16-20. In sum, the Frink Plaintiffs' diminished borrowing capacity neither prevented them from realizing a capital gain (e.g., through actual or attempted sale of their property or other investment opportunity) nor forced them to spend additional funds (e.g., through the payment of a higher interest rate on their loan). They have, as such, alleged no concrete financial loss and fail to state a claim under RICO.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, ECF No. 59, is GRANTED and this action DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 27th day of March, 2019.

/s/ Michael McShane\_\_\_\_\_
Michael J. McShane
United States District Judge

Page 5 – OPINION AND ORDER